Harper, J-
delivered the opinion of the Court.
*491 If the slave in question had remained in the hands of Spain, I should think, that the statute of limitations could not have run, so as to give him a title, so long as the contract subsisted, which the slave was mortgaged to secure. But from the time Boyce obtained possession of him, Ire remained long enough in the possession of Boyce, and of Bobo, for the statute to mature a title, if the possession was adverse.
A person purchasing personal property from a mortgagor in possession, without notice of the mortgage, will certainly be protected by the statute. If he should purchase with notice, this might constitute a fraud, which would suspend the operation of the statute, until the fraud should be discovered. But fraud is not in question in this case. Adverse possession consists in the holding of property in an adverse right; in a right-inconsistent with the title of the party, who afterwards seeks to enforce his claim. In general the possession of a person claiming in his own right is adverse to all the world. Was Boyce’s possession of that character? for there is no question about Bobo’s. So it séems to me. He went into possession claiming in his own right, and by a title inconsistent with the defendant’s. He claimed the legal title, for a mortgage of personal property transfers, the legal title. It is said, that he went into possession under Spain, and held consistently with Spain’s title. But this is not so ; he claimed in his own right, which was adverse to Spain, and to every one else. It is true he claimed by a title subject to be divested on a future contingency ; and if the negro had been claimed by Spain, he might, in his hands, have remained subject to defendant’s claim. But the contingency never happened. Boyce’s title, became, matured, as against Spain ; and I think his possession must be regarded as adverse to every one else, from the time it was taken. Defendant was under no disability to sue ; for his mortgage was forfeited before Boyce obtained possession. I perceive nothing in principle to distinguish it from the case of a man who purchased absolutely, in the first intance, from a mortgagor in possession. The motion is therefore dismissed.
Motion refused.